OPINION
{¶ 1} In these two cases, Plaintiff-Appellant, the State of Ohio, appeals two decisions of the Columbiana County Court of Common Pleas that dismissed the indictments of Defendants-Appellees, Gerald Rexroad and Jerry Pasco, Jr., because R.C. 2919.25(A), the domestic violence statute, violates the Defense of Marriage Amendment of 2004, codified as Section11, Article XV of the Ohio Constitution, as it applies to unmarried cohabitants. In each of these appeals, the State argues that the statute is constitutional and while we do not completely agree with the State's arguments, we agree that the trial court's decisions must be reversed.
 {¶ 2} R.C. 2919.25(A) criminalizes certain conduct between family and household members. Appellees argue that they cannot be convicted under this statute since they are unmarried cohabitants of their respective victims and that the statute forces that status to approximate the design, qualities, significance or effect of marriage. However, at this stage in the proceedings, there are no facts particular to these cases in the record. Therefore, we cannot determine whether R.C. 2919.25(A) is unconstitutional as applied to these particular defendants. Instead, we can only determine whether that statute is facially unconstitutional.
 {¶ 3} R.C. 2919.25(A) is not facially unconstitutional since there are many factual scenarios to which this statute can constitutionally apply. Accordingly, the trial court erred when dismissing these indictments. Neither it nor we can rule on the constitutionality of the statute as applied to these defendants until the particular facts of these cases are in the record. The trial court's decisions are reversed and these cases are remanded for further proceedings.
 Facts {¶ 4} On March 4, 2005, Shauna Jackson accused Rexroad of grabbing her throat and leaving a red mark and, on April 26, 2005, Jimette Woehrman accused Pasco of punching, kicking, and biting her at their residence. Both Rexroad and Pasco were subsequently arrested and indicted for one count of domestic violence in violation of R.C. 2919.25(A). Each of their indictments stated that their victims were "a family or household member" of the respective defendant. The State provided each defendant with a bill of particulars, which also alleged that the victims were "a family or household member" of the respective defendant.
 {¶ 5} Each of the defendants moved to dismiss his indictment, arguing that R.C. 2919.25(A) violated Article XV, Section 11 of the Ohio Constitution. Each defendant contended that he and his respective victim were unmarried cohabitants and that the statute forced this relationship to approximate the design, qualities, significance or effect of marriage. The State's response argued that the intent of Article XV, Section 11 was only to prevent same-sex marriages and that R.C. 2919.25(A) did not give unmarried cohabitants any legal status.
 {¶ 6} The trial court granted each defendant's motion to dismiss the indictment, concluding that R.C. 2919.25 treated unmarried cohabitants as if they were married and, therefore, that R.C. 2919.25(A) is unconstitutional as it applies to an unmarried man and woman living together as spouses.
 Constitutionality of R.C. 2919.25(A) as Applied {¶ 7} The State has appealed each of these decisions and has presented identical assignments of error in each case:
 {¶ 8} "The trial court erred by granting Appellee's motion to dismiss the indictment based on a finding that Ohio Revised Code section 2919.25(A) is unconstitutional as it applies to an unmarried man and woman living together."
 {¶ 9} The trial court granted the motions to dismiss the indictments because it concluded that R.C. 2919.25(A) was unconstitutional as it applied to these two defendants since they and their respective victims were unmarried cohabitants. That statute provides as follows:
 {¶ 10} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 {¶ 11} "* * *
 {¶ 12} "(F) As used in this section and sections 2919.251 and2919.26 of the Revised Code:
 {¶ 13} "(1) `Family or household member' means any of the following:
 {¶ 14} "(a) Any of the following who is residing or has resided with the offender:
 {¶ 15} "(i) A spouse, a person living as a spouse, or a former spouse of the offender;
 {¶ 16} "(ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;
 {¶ 17} "(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender.
 {¶ 18} "(b) The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent.
 {¶ 19} "(2) `Person living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C. 2919.25.
 {¶ 20} According to the trial court, this statute violated a recent amendment to the Ohio Constitution, the Defense of Marriage Amendment of 2004. It provides:
 {¶ 21} "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage." Ohio Constitution, ArticleXV, Section 11.
 {¶ 22} When addressing the constitutionality of a legislative act, a court must give the statute a presumption of constitutionality. State v. Hochhausler, 76 Ohio St.3d 455,458, 1996-Ohio-0374. Courts must liberally apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional.State v. Dorso (1983), 4 Ohio St.3d 60, 61; State v. Sinito
(1975), 43 Ohio St.2d 98, 101. A person challenging the constitutionality of a legislative act or provision must prove beyond a reasonable doubt that the act or provision in question violates constitutional protections. In re Skyline Securities,Inc., 74 Ohio St.3d 495, 498, 1996-Ohio-151. This court gives no deference to a trial court's decision regarding the constitutionality of a statute and reviews the issue de novo.Medina v. Szwec, 157 Ohio App.3d 101, 2004-Ohio-2245, at ¶ 4.
 {¶ 23} There are two different ways of challenging a statute on constitutional grounds: 1) arguing that it is unconstitutional on its face or 2) arguing that it is unconstitutional as applied to a particular set of facts. Cleveland Gear Co. v. Limbach
(1988), 35 Ohio St.3d 229, 231. In this case, each defendant claimed to challenge the statute as it applies to them. "If the Act is challenged on the ground that it is unconstitutional when applied to a particular state of facts, the burden is upon the party making the attack to present clear and convincing evidence of a presently existing state of facts which makes the Act unconstitutional and void when applied thereto." Id. In the absence of a set of particular facts, the litigant's challenge is necessarily a facial challenge to the constitutionality of the statute. State v. Beckley (1983), 5 Ohio St.3d 4, 7.
 {¶ 24} In these cases, the defendants did not present a particular set of facts before challenging the constitutionality of R.C. 2919.25(A) as it applies to them. In this regard, the situation is the same as the one the Ohio Supreme Court faced inBeckley. In that case, a criminal defendant moved to dismiss an indictment, arguing that the statute he was indicted for violating was unconstitutional. The trial court agreed and granted the motions to dismiss. Both the appellate court and the Ohio Supreme Court disagreed.
 {¶ 25} "We consider the attack upon the constitutionality of those sections of the so-called Ohio Pyramid Sales Act in these cases to be upon the face of the subject statutes. There cannot be a constitutional challenge to any set of particular facts before the trial court here because it did not have any true evidence before it. The motions to dismiss were made before there was any trial, and although those motions were accompanied by transcripts of a tape ostensibly made sub rosa at the `pyramid' meeting attended by these defendants-appellees, said transcripts cannot in any way be considered trial evidence. Although defense counsel flirted with the concept of the constitutionality of R.C.1333.92 `as applied to the facts of this case,' the overture was feckless. It is overwhelmingly apparent from the transcript of the proceedings held in the court of common pleas on March 11, 1981, that the motions to dismiss were strictly pretrial and counsel's evaluation of what the evidence in an actual trial of these defendants might develop was not tantamount to probative facts. Any attempt to use the transcripts of the tape recording as evidence of what transpired at the `pyramid' meeting at which the tape was made was wide of the mark. In Belden v. UnionCentral Life Ins. Co. (1944), 143 Ohio St. 329, 55 N.E.2d 629
[28 O.O. 295], appeal dismissed (1944), 323 U.S. 674,65 S.Ct. 129, 89 L.Ed. 548, we held in the following paragraphs of the syllabus:
 {¶ 26} "`4. A legislative act may be unconstitutional upon its face, or it may be valid upon its face but unconstitutional because of its operative effect upon a particular state of facts.
 {¶ 27} "`* * *
 {¶ 28} "`6. Where an act is challenged on the ground that it is unconstitutional when applied to a particular state of facts, the burden rests upon the party making such attack to present clear and convincing evidence of a presently existing state of facts which makes the act unconstitutional and void when applied thereto.
 {¶ 29} "`7. Constitutional questions will not be decided until the necessity for such decision arises upon the record before the court. (State ex rel. Herbert v. Ferguson, Aud.,142 Ohio St., 496, 52 N.E.2d 980 [28 O.O. 86], approved and followed.)'" (Footnotes omitted) Id. at 6-7.
 {¶ 30} In these cases, we have even less "evidence" before us than the Ohio Supreme Court had in Beckley. In that case, the defendant had at least tried to produce some evidence in support of his claim that the statute was unconstitutional as it applied to him. In these cases, we have nothing more than the defendant's allegations within their motions regarding the facts of these cases. Without some kind of true evidence, we cannot determine the particular sets of facts present in these cases and, therefore, cannot determine whether this statute is unconstitutional as it applies to those particular sets of facts.
 {¶ 31} Appellees have challenged the constitutionality of R.C. 2919.25(A) as it applies to them too early in the proceedings. Before we can affirm a decision dismissing their indictment because the statute is being unconstitutionally applied, the record must contain evidence of the particular facts which cause the unconstitutional application of that statute. Thus, the trial court erred when it dismissed Appellees' indictments for this reason.
 Facial Constitutionality of R.C. 2919.25(A) {¶ 32} Since Appellees have not yet presented a particular set of facts in support of their argument that R.C. 2919.25(A) is being unconstitutionally applied to them, Beckley requires that we treat their motion to dismiss as a challenge against the facial constitutionality of that statute.
 {¶ 33} A facial constitutional challenge to a statute is to be decided by considering the Act itself without regard to extrinsic facts. Cleveland Gear at 231. "A facial challenge to a legislative act is the most difficult to mount successfully, since the challenger must establish that no set of circumstances exists under which the act would be valid." State v. Coleman
(1997), 124 Ohio App.3d 78, 80, citing United States v. Salerno
(1987), 481 U.S. 739, 749. "Such a challenge asserts that a law is unconstitutional as written and without regard to the challenger's specific conduct." In re Washington, 10th Dist. No. 04AP-429, 2004-Ohio-6981, at ¶ 18. "If a statute is unconstitutional on its face, the state may not enforce the statute under any circumstances." In re B.L., 10th Dist. No. 04AP-1108, 2005-Ohio-1151, at ¶ 14.
 {¶ 34} In this case, a facial challenge to R.C. 2919.25(A)'s constitutionality clearly fails. It is easy to imagine sets of circumstances under which that statute would not violate Article XV, Section 11. The statute criminalizes certain conduct between family and household members, which includes spouses, children, and people related by consanguinity, and would pass constitutional muster under any of these factual scenarios. Clearly, the State can enforce this statute under many sets of circumstances, so it survives a facial challenge to its constitutionality.
 Conclusion {¶ 35} In these appeals, Rexroad and Pasco argue that they cannot be convicted under R.C. 2919.25(A) because that statute is unconstitutional as it applies to them. However, there is no evidence demonstrating the particular facts of either case in the record at this stage of the proceedings, so we cannot determine whether the statute is unconstitutional as it applies to a particular set of facts. Accordingly, Appellees can only make a facial constitutional challenge to the statute. R.C. 2919.25(A) survives a facial challenge since there are many factual situations to which this statute could be constitutionally applied. Thus, the trial court's judgments dismissing the indictments are reversed and these cases are remanded for further proceedings. Appellees are free to raise the constitutionality of the statute as applied to them at a later stage in their respective proceedings.
Donofrio, P.J., concurs.
Vukovich, J., concurs.