OPINION
{¶ 1} This is the third of at least three appeals made to this Court concerning the constitutionality of Ohio's domestic violence laws as applied to unmarried couples. Appellee Duane McCaslin was charged with domestic violence, but the case was dismissed by the Columbiana County Court of Common Pleas because the trial court found the criminal statute to be in conflict with the recently enacted Defense of Marriage Amendment of 2004. The trial court reasoned that the Defense of Marriage Amendment now prohibits the state from recognizing the legal status of unmarried couples in ways that, "approximate the design, qualities, significance or effect of marriage." Section 11, Article XV, Ohio Constitution. The trial court determined that the domestic violence statute gives unmarried couples the same legal status as married couples, and as such, is unconstitutional as applied to unmarried couples. The trial court then dismissed the charge against Appellant. The state subsequently initiated this appeal.
 {¶ 2} This Court recently ruled that the domestic violence statute is constitutionally valid on its face with respect to the Defense of Marriage Amendment, but no decision was made as to whether the statute was unconstitutional as applied because no evidence had yet been presented to the trial court. State v.Rexroad, 7th Dist. No. 05 CO 36, 2005-Ohio-6790 (decided December 13, 2005).
 {¶ 3} The instant case was ruled on by the same trial judge at the same stage in the proceedings as found in Rexroad. In fact, the judgment entry in this case merely cited the trial court's prior judgment in Rexroad, and did not engage in any further analysis. There is no evidence to review in this case, and therefore, there is no basis for determining whether the domestic violence statute, R.C. § 2919.25, is unconstitutional as applied with respect to the Defense of Marriage Amendment to the Ohio Constitution. The judgment of the trial court is therefore reversed, and the case is remanded for further proceedings.
 Procedural History {¶ 4} The allegations and procedural history of this case can be presented very briefly. It is alleged that Appellee was residing with his girlfriend, Amy Reed, in Lisbon, Ohio. Ms. Reed filed a felony domestic violence complaint against Appellee on February 4, 2005, alleging that he had grabbed her by the neck, pushed her in the chest, grabbed her by the hair, and punched her in the face. Appellee had a previous domestic violence conviction from Mahoning County Court No. 5. On March 24, 2005, Appellee was indicted on one count of domestic violence, a fourth degree felony under R.C. § 2919.25(A).
 {¶ 5} On June 2, 2005, Appellee filed a motion to dismiss. The basis for the motion was that the domestic violence statute was unconstitutional as applied to unmarried couples, based on the wording of the Defense of Marriage Amendment contained in Section 11, Article XV, Ohio Constitution. Appellee's motion to dismiss argued that the domestic violence statute attempts to establish the same legal rights for unmarried couples that are afforded to married couples, and as such, violates the Defense of Marriage Amendment.
 {¶ 6} No evidentiary hearing was held. Although Appellant now appears to concede that Appellee and Ms. Reed were living together as an unmarried couple, it is not at all clear from the trial court record that either party had stipulated to any facts.
 {¶ 7} On July 14, 2005, the trial court issued a one-page judgment entry dismissing the charge. The judgment entry stated that the dismissal was based on the reasons set forth in its earlier Rexroad decision, and a copy of the prior decision was attached to the judgment entry. Appellant filed a prosecutor's appeal on July 29, 2005. Appellee did not file a brief in this appeal.
 Assignment of Error {¶ 8} Appellant's sole assignment of error states:
 {¶ 9} "THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO DISMISS THE INDICTMENT BASED ON A FINDING THAT OHIO REVISED CODE SECTION 2919.25(A) IS UNCONSTITUTIONAL AS IT APPLIES TO AN UNMARRIED MAN AND WOMAN LIVING TOGETHER."
 {¶ 10} Appellant argues that the Defense of Marriage Amendment, Section 11, Article XV, Ohio Constitution, is only concerned with the "legal status" of unmarried couples:
 {¶ 11} "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage."
 {¶ 12} Appellant argues that the domestic violence statute does not create any type of legal status for unmarried couples. According to Appellant, the domestic violence statute, R.C. §2919.25, simply prohibits family or household members from causing physical harm to one another.
 {¶ 13} A "family or household member" is defined, in part, as a, "spouse, a person living as a spouse, or a former spouse of the offender[.]" R.C. § 2919.25(F)(1)(a)(1). The statute further defines, "person living as a spouse," as a person, "who otherwise is cohabiting with the offender[.]" R.C. § 2919.25(F)(2).
 {¶ 14} The term "cohabit" is not defined in the statute, but has been interpreted by the Ohio Supreme Court as:
 {¶ 15} "(1) sharing of familial or financial responsibilities and (2) consortium. * * * Possible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets. Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations. These factors are unique to each case and how much weight, if any, to give to each of these factors must be decided on a case-by-case basis by the trier of fact." State v. Williams (1997),79 Ohio St.3d 459, 465, 683 N.E.2d 1126.
 {¶ 16} Based on the definitions in the domestic violence statute, and on judicial interpretation of those definitions, it is obvious that the statute protects both married and unmarried couples who are cohabiting. Appellant argues that a statute that prevents unmarried, cohabitating couples from committing violence against each other is not the same as creating a legal status for such couples that approximates the legal status of married couples. Appellant contends that the domestic violence statute only requires the trier of fact to make a factual determination, rather than a legal determination, regarding whether the defendant and the victim were "cohabiting." Since no legal status is created in the enforcement of the domestic violence statute, Appellant concludes that the statute cannot conflict with the constitutional provision.
 {¶ 17} Appellant's argument bypasses the generally accepted analysis of a constitutional challenge to a statute. InRexroad, this Court stated:
 {¶ 18} "There are two different ways of challenging a statute on constitutional grounds: 1) arguing that it is unconstitutional on its face or 2) arguing that it is unconstitutional as applied to a particular set of facts. Cleveland Gear Co. v. Limbach
(1988), 35 Ohio St.3d 229, 231. In this case, each defendant claimed to challenge the statute as it applies to them. `If the Act is challenged on the ground that it is unconstitutional when applied to a particular state of facts, the burden is upon the party making the attack to present clear and convincing evidence of a presently existing state of facts which makes the Act unconstitutional and void when applied thereto.' Id. In the absence of a set of particular facts, the litigant's challenge is necessarily a facial challenge to the constitutionality of the statute." Id. at ¶ 23.
 {¶ 19} A statute is facially unconstitutional when there is no set of facts under which the statute may be applied without violating the constitutional provision at issue. Members of LosAngeles City Council v. Taxpayers for Vincent (1984),466 U.S. 789, 797, 104 S.Ct. 2118, 80 L.Ed.2d 772; Euclid v. Mabel
(1984), 19 Ohio App.3d 235, 237, 484 N.E.2d 249.
 {¶ 20} It is clear that the domestic violence statute survives a facial constitutional challenge, because there are many circumstances in which the statute would not violate the Defense of Marriage Amendment. Rexroad, supra, at ¶ 34. For example, when the defendant and the victim are married to each other, there is no possibility that the domestic violence statute might run afoul of the Defense of Marriage Amendment. It is only when the domestic violence statute is applied to unmarried couples that any possibility arises of violating the constitutional provision. Thus, Appellee must have necessarily been asking the trial court to dismiss the domestic violence charges because the Amendment was unconstitutional as applied
to him.
 {¶ 21} In the instant case, as in Rexroad, there are no facts to evaluate, and therefore, no basis for the trial court to determine whether the statute was unconstitutional as applied. The record only contains allegations and assumptions. Thus, this Court's recent holding in Rexroad applies equally to the instant case: "Before we can affirm a decision dismissing their indictment because the statute is being unconstitutionally applied, the record must contain evidence of the particular facts which cause the unconstitutional application of that statute. Thus, the trial court erred when it dismissed Appellees' indictments for this reason." Id. at ¶ 31.
 {¶ 22} Based on the similarity of this case to this Court's recent Rexroad decision, the result in this case will be the same. The trial court judgment that dismissed Appellee's indictment is hereby reversed and the case is remanded for further proceedings.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.