The STATE of Ohio, Appellee,

v.

RODGERS, Appellant.

[Cite as *State v. Rodgers,* 166 Ohio App.3d 218, 2006-Ohio-1528.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–446.

Decided March 30, 2006.

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellee.

Michael D. Winston, for appellant.

Richard C. Pfeiffer Jr., Columbus City Attorney, and Matthew A. Kanai, Assistant City Attorney, for amicus curiae State of Ohio.

Lambda Legal Defense and Education Fund, Inc., and Camilla B. Taylor; and Christopher Bumgarner, for amicus curiae Lambda Legal Defense and Education Fund, Inc.

Ohio State Legal Services Association and Michael R. Smalz; and Legal Aid Society of Cleveland and Alexandria M. Ruden, for amicus curiae ACTION OHIO Coalition for Battered Women, Ohio Domestic Violence Network, and Ohio NOW Education and Legal Fund.

TRAVIS, Judge.

{¶ 1} Appellant, Terry L. Rodgers, appeals from his conviction in the Franklin County Court of Common Pleas of one count of domestic violence, R.C. 2919.25. For the following reasons, we affirm.

{¶ 2} On January 12, 2005, the Franklin County Grand Jury returned an indictment that charged appellant with one count of domestic violence pursuant to R.C. 2919.25. Because appellant previously had been convicted of aggravated menacing and assault involving a family or household member, the offense was a felony of the third degree. R.C. 2919.25(D)(4).

{¶ 3} Appellant moved to dismiss the indictment, arguing that R.C. 2919.25 had been rendered unconstitutional in light of the adoption of Section 11, Article XV, Ohio Constitution, the "Defense of Marriage Amendment." At the hearing on his motion to dismiss, appellant stipulated that he was cohabiting with, but not married to, Barbara Thomas, the person named in the indictment as the victim. The trial court denied the motion. Appellant entered a plea of no contest to the charge and was found guilty. Sentence was imposed and this appeal followed.

{¶ 4} In addition to the briefs of the parties, the court has had the benefit of briefs of amici curiae filed by the city of Columbus, the Lambda Legal Defense and Education Fund, Inc., the ACTION OHIO Coalition for Battered Women, the Ohio Domestic Violence Network, and the Ohio NOW Education and Legal Fund.

{¶ 5} Appellant raises a single assignment of error, as follows:

The trial court erred when it found appellant guilty of domestic violence, a violation of Ohio Revised Code § 2919.25, because the statute is unconstitutional as applied to unmarried couples, after the inception of Ohio Constitutional Article XV, Section 11.

{¶ 6} We review the denial of appellant's motion to dismiss de novo. We also review the constitutionality of a statute de novo. Therefore, we accord no deference to the determination of the trial court on these issues.

{¶ 7} Initially, we note that the validity of Section 11, Article XV, Ohio Constitution, has not been raised.[1] This appeal is limited to the question of whether the adoption of Section 11, Article XV, Ohio Constitution has rendered R.C. 2919.25 unconstitutional.

---

1. Amicus Lambda Legal Defense and Education Fund, Inc. believes that Section 11, Article XV, Ohio Constitution is unconstitutional, but agrees that a determination of that question is not necessary to resolve this case. We agree and have no occasion to express an opinion on the constitutional validity of Section 11, Article XV, Ohio Constitution.

{¶ 8} A statute may be challenged on constitutional grounds in two ways: (1) that the statute is unconstitutional on its face or (2) that it is unconstitutional as applied to the facts of the case. To mount a successful facial challenge, the party challenging the statute must demonstrate that there is no set of facts or circumstances under which the statute can be upheld. When it is claimed that a statute is unconstitutional as applied, the challenge must present clear and convincing evidence of a presently existing set of facts that make the statute unconstitutional and void when applied to those facts. *Belden v. Union Cent. Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629, paragraph four of the syllabus, as cited in *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 36–38.

{¶ 9} An enactment of the legislature is entitled to a strong presumption of constitutionality. Before a court may declare a statute unconstitutional, it must appear beyond a reasonable doubt that the legislation and the constitutional provision are completely incompatible. See, e.g., *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, syllabus. Legislation will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt. *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633. Therefore, we begin by presuming that R.C. 2919.25 is constitutional.

{¶ 10} Appellant maintains that R.C. 2919.25 creates a relationship intended to approximate the design, qualities, significance, or effect of marriage. Therefore, appellant reasons, the statute runs afoul of Section 11, Article XV, Ohio Constitution, commonly referred to as the "Marriage Protection Amendment." Review of both the statute and the constitutional provision is required to determine whether they can coexist or are completely incompatible.

{¶ 11} The rules employed in statutory construction apply to the construction of constitutional provisions. *State v. Jackson*, 102 Ohio St.3d 380, 2004-Ohio-3206, 811 N.E.2d 68. The intent of the framers is controlling. Id. "In the interpretation of an amendment to the Constitution the object of the people in adopting it should be given effect; the polestar in the construction of constitutional, as well as legislative, provisions is the intention of the makers and adopters thereof." *Castleberry v. Evatt* (1946), 147 Ohio St. 30, 33 O.O. 197, 67 N.E.2d 861, paragraph one of the syllabus.

{¶ 12} The Defense of Marriage Amendment, Section 11, Article XV, Ohio Constitution, provides as follows:

Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relation-

ships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage.

The electorate adopted Section 11, Article XV, Ohio Constitution on November 2, 2004.

{¶ 13} The Ohio Domestic Violence statute, R.C. 2919.25, provides:

(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

(B) No person shall recklessly cause serious physical harm to a family or household member.

(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.

(D)(1) Whoever violates this section is guilty of domestic violence.

The statute defines family or household member to include any of the following who live with or have lived with the offender:

As used in this section and sections 2919.251 [2919.25.1] and 2919.26 of the Revised Code:

(1) "Family or household member" means any of the following:

(a) Any of the following who is residing or has resided with the offender:

(i) A spouse, a person living as a spouse, or a former spouse of the offender;

(ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;

(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender.

(b) The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent.

(2) "Person living as a spouse" means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question.

{¶ 14} Appellant challenges the statute as it is applied to him. First, appellant states that the phrase "family or household member" creates a legal relationship between unmarried individuals. Next, appellant notes that the statute requires cohabitation between the accused and the victim and argues that cohabitation is the same as living together as husband and wife. Appellant then argues that he and the victim were living together as boyfriend-girlfriend; that the state does not recognize a legal relationship between boyfriend and girlfriend

and therefore, they could not have been cohabiting as that term has been defined in case law.[2] As a result, appellant concludes that he could not be convicted of violating R.C. 2919.25. Appellant believes that the statute has created the equivalent of a marriage between unmarried persons and therefore is incompatible with Section 11, Article XV, Ohio Constitution. We disagree, and for the following reasons, we hold that R.C. 2919.25 is neither unconstitutional on its face, nor unconstitutional as applied to appellant.

{¶ 15} As used in R.C. 2919.25, the words "family or household member" are descriptive of those individuals who are entitled to protection from criminal activity under that statute. The words "family or household member" do not create a legal relationship between persons. One need not be married, or be in a relationship that approximates marriage in order to meet the definition of "family member or household member." The definition does not create a legal status for relationships of unmarried individuals that approximates marriage.

{¶ 16} The Ohio Supreme Court has defined "cohabitation," as used in a domestic-violence prosecution under R.C. 2919.25, as follows: "The essential elements of 'cohabitation' are (1) sharing of familial or financial responsibilities and (2) consortium." *State v. Williams* (1997), 79 Ohio St.3d 459, 683 N.E.2d 1126, paragraph two of the syllabus. Although cohabitation can, and often does, involve married persons, other, nonmarital relationships can involve cohabitation as well. The sharing of financial responsibilities such as rent, utilities, and groceries is not limited to married couples. Roommates of the same or opposite gender may share living expenses. Similarly, consortium does not require sexual relations. Consortium includes companionship, affection, cooperation, aid, and assistance between two persons. As with shared living expenses, roommates of the same or the opposite gender may find companionship, affection, cooperation, aid, and assistance in their relationship without simulating or approximating marriage. *Williams*, supra, does not support appellant's position. We hold that R.C. 2919.25 is not unconstitutional as applied to appellant.

{¶ 17} Additionally, it is clear that the domestic-violence statute affords protection from assaults committed during relationships that could not possibly be found to be in conflict with Section 11, Article XV. The relationship of an actual marriage between the accused and the victim cannot be a relationship that merely simulates or approximates marriage and therefore, cannot be in conflict with the constitutional provision. See *State v. McCaslin*, Columbiana App. No. 05 CO 44, 2006-Ohio-891, 2006 WL 459261, ¶ 20. Similarly, the relationship of a

---

**2.** Although appellant argues that he could not be found to have cohabited with the victim in this case because the state does not recognize the relationship of boyfriend-girlfriend, at the trial level, appellant stipulated that he and the victim were cohabiting.

child to parent or stepparent does not equate to marriage. Therefore, it cannot be said beyond a reasonable doubt that there are no facts or circumstances under which the statute would be considered constitutional. Accordingly, a facial challenge fails as well.

{¶ 18} Although this is a case of first impression in this district, our findings are supported by decisions of five other appellate districts in Ohio. The Ohio Domestic Violence Statute has been found not to conflict with Section 11, Article XV, and, therefore, constitutional in *State v. Newell*, Stark App. No.2004CA00264, 2005-Ohio-2848, 2005 WL 1364937; *State v. Rexroad*, Columbiana App. No. 05 CO 36, 2005-Ohio-6790, 2005 WL 3489726; *State v. Burk*, Cuyahoga App. No. 86162, 2005-Ohio-6727, 843 N.E.2d 1254; *State v. Nixon*, Summit App. No. 22667, 2006-Ohio-72, 845 N.E.2d 544; and *State v. Carswell*, Warren App. No. CA2005–04–047, 2005-Ohio-6547, 2005 WL 3358882. We concur with the reasoning of the Fifth, Seventh, Eighth, Ninth and 12th Appellate Districts. The Ohio domestic-violence statute does not conflict with Section 11, Article XV, Ohio Constitution.

{¶ 19} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

SADLER and MCGRATH, JJ., concur.