[Cite as *In re D.C.*, 2017-Ohio-114.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| | | No. 16AP-124 |
| D.C., | : | (C.P.C. No. 15JU-12062) |
| (Appellee). | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on January 12, 2017

**On brief:** *Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellee. **Argued:** *Timothy E. Pierce*.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellant. **Argued:** *Laura R. Swisher.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a decision and entry of the Franklin County Court of Common Pleas, Juvenile Division ("juvenile court"), granting in part the motion to dismiss of defendant-appellee, D.C. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} D.C. turned 18 years old on August 24, 2005. In 2005 and 2006, the state filed three successive indictments against D.C. alleging criminal conduct that occurred both before and after he obtained 18 years of age. The first indictment, filed October 27, 2005 in Franklin C.P. No. 05CR-7280, contained 18 counts, including multiple counts of aggravated robbery, robbery, and kidnapping, plus accompanying gun specifications. All of the alleged conduct in the first indictment occurred after D.C. turned 18 years old. The second indictment, filed January 11, 2006 in Franklin C.P. No. 06CR-165, contained four

counts, including two counts of aggravated robbery and two counts of robbery, all with specifications. One of the counts for aggravated robbery (Count 1) and one of the counts for robbery (Count 2) occurred before D.C.'s eighteenth birthday. In the third indictment, filed January 26, 2006 in Franklin C.P. No. 06CR-694, the state charged D.C. with five counts of aggravated robbery, and all five counts alleged conduct that occurred before D.C. turned 18 years old. Pursuant to the state's January 27, 2006 motion, the trial court consolidated all three indictments for one trial.

{¶ 3} Despite the fact that all three indictments correctly listed D.C.'s date of birth as August 24, 1987, the three indictments originated in the Franklin County Court of Common Pleas, General Division ("trial court"). D.C. was not subject to any bindover proceeding in the juvenile court, and there was never an entry filed purporting to transfer jurisdiction from the juvenile court to the general division of the trial court.

{¶ 4} On May 8, 2006, D.C. entered guilty pleas to two counts of aggravated robbery in the first indictment; two counts of aggravated robbery with specifications in the second indictment; and one count of aggravated robbery in the third indictment. The conduct alleged in two of the counts to which D.C. pleaded guilty, one aggravated robbery count with specification in the second indictment and the sole aggravated robbery count from the third indictment, occurred when D.C. was a juvenile. In exchange for D.C.'s guilty pleas, the state entered nolle prosequis on all remaining charges.

{¶ 5} Following a sentencing hearing, and pursuant to a joint recommendation from the state and defense counsel, the trial court sentenced D.C. to seven years per aggravated robbery count plus an additional three years on each of the two gun specifications. Thus, the trial court sentenced D.C. to seven years for each of the aggravated robbery counts in the first indictment, seven years plus three years for each of the aggravated robbery counts and gun specifications in the second indictment, and seven years for the aggravated robbery count in the third indictment. The trial court ordered the sentence in the first and third indictments be served concurrently with each other and with the sentences in the second indictment. The trial court ordered the sentences for the two aggravated robbery counts and two gun specifications in the second indictment to be served consecutively. The result was an aggregate sentence of 20 years in prison.

{¶ 6}   On February 24, 2014, nearly eight years after entering his guilty pleas, D.C. filed a pro se motion to withdraw his pleas in all three of the above-captioned cases on the grounds that he was a juvenile when he committed some of the aggravated robberies and was never bound over from the juvenile court.  D.C. argued that because the juvenile court had exclusive subject-matter jurisdiction over offenses committed by a minor, his guilty pleas were void.  The trial court agreed and, in an October 6, 2015 entry, vacated D.C.'s guilty pleas as they related to the aggravated robbery with gun specification count in the second indictment and the aggravated robbery count in the third indictment.  The trial court determined it lacked subject-matter jurisdiction over those charges, and those charges and convictions were therefore void ab initio.

{¶ 7}   On October 1, 2015, the state filed a four-count complaint in juvenile court related to the two robberies D.C. was alleged to have committed as a juvenile.  Counts 1 and 2 of the juvenile complaint relate to charges in the second indictment and alleged D.C. had a firearm on or about his person while committing the robbery.  Counts 3 and 4 of the juvenile complaint relate to charges in the third indictment and alleged D.C.'s codefendant brandished the firearm during the robbery.  On October 2, 2015, the state filed a motion to relinquish jurisdiction.

{¶ 8}   Subsequently, on October 28, 2015, D.C. filed a motion to dismiss the juvenile court complaint, arguing the pending juvenile charges violated his protection against double jeopardy, his right to a speedy trial, and his constitutional due process rights.  The state opposed D.C.'s motion to dismiss.  In a January 22, 2016 decision and entry, the trial court rejected D.C.'s double jeopardy and speedy trial arguments but nonetheless dismissed Counts 3 and 4[1] of the juvenile complaint on the grounds that the Due Process Clause applied to warrant dismissal of those charges.  The juvenile court reasoned the Due Process Clause required dismissal of those two counts because it was "fundamentally unfair" to ignore the fact that D.C. had already spent seven years in prison for the same alleged conduct.  (Jan. 22, 2016 Decision & Entry at 16.)  At the time the trial court vacated D.C.'s pleas, he still had time remaining on his validly imposed sentences for the other adult offenses.

---

[1] Counts 1 and 2 are still pending before the trial court.

{¶ 9}   The state timely appeals the juvenile court's dismissal of Counts 3 and 4 of the juvenile complaint.

## II.  Assignment of Error

{¶ 10} The state assigns the following sole error for our review:

> The juvenile court erred when it dismissed counts three and four of the complaint.

## III.  Analysis

{¶ 11} In its sole assignment of error, the state argues the juvenile court erred when it granted, in part, D.C.'s motion to dismiss.  More specifically, the state argues the juvenile court erred when it concluded the Due Process Clause required the dismissal of two of the four counts contained in the juvenile complaint.

### A.  Standard of Review

{¶ 12} As a preliminary matter, the parties dispute the appropriate standard of review.  D.C. asserts we must review the juvenile court's decision dismissing two of the counts only for an abuse of discretion, while the state urges us to apply a de novo standard of review.

{¶ 13} "Ohio's juvenile courts are statutory courts, created by the General Assembly," and "[a]s a statutory court, the juvenile court has limited jurisdiction, and it can exercise only the authority conferred upon it by the General Assembly."  *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, ¶ 15, citing R.C. Chapter 2151, *State v. Wilson*, 73 Ohio St.3d 40, 43 (1995), and *State ex rel. Ramey v. Davis*, 119 Ohio St. 596 (1929), paragraph four of the syllabus.

{¶ 14} As the Supreme Court of Ohio has noted, Ohio courts engage in a "general practice of ensuring wide discretion for juvenile courts."  *In re Z.R.* at ¶ 27, citing *In re T.W.*, 3d Dist. No. 16-11-12, 2012-Ohio-2843, ¶ 12 (stating "[w]hether a proceeding should be dismissed or reach the merits is within the sound discretion of the trial judge").  More generally, however, appellate courts review constitutional questions under a de novo standard.  *State v. Rodgers*, 166 Ohio App.3d 218, 2006-Ohio-1528, ¶ 6 (10th Dist.). Indeed, the Supreme Court directs that constitutional issues are questions of law, even in the context of a juvenile court proceeding, and thus subject to de novo review.  *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, ¶ 3, citing *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-

599, ¶ 13. Thus, we review the issue of whether the Due Process Clause required dismissal of two counts of the juvenile complaint under a de novo standard.

### B. Due Process

{¶ 15} The parties agree that the trial court acted without jurisdiction when it initially accepted D.C.'s guilty plea and sentenced him on the aggravated robbery counts in the second indictment and the aggravated robbery count in the third indictment, and indeed the trial court vacated his guilty plea on that basis. *State v. Wilson*, 73 Ohio St.3d 40 (1995), paragraph one of the syllabus (stating "[a]bsent a proper bindover procedure * * *, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent"). Thus, the trial court's order convicting D.C. on those counts was void. *Id.* at 44 ("[b]ecause the general division of the court of common pleas lacked subject matter jurisdiction to convict Wilson, the judgment of conviction against him was void ab initio"); R.C. 2152.12(H) (stating "[a]ny prosecution that is had in a criminal court on the mistaken belief that the person who is the subject of the case was eighteen years of age or older at the time of the commission of the offense shall be deemed a nullity, and the person shall not be considered to have been in jeopardy on the offense"). The issue we must consider, then, is what impact D.C.'s time spent in prison on those offenses has on his due process rights in the subsequently filed proceedings in juvenile court.

{¶ 16} The Fourteenth Amendment to the United States Constitution provides "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The Supreme Court has repeatedly held that the Due Process Clause applies to juvenile court proceedings. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919; *State v. Aalim*, ___ Ohio St.3d ___, 2016-Ohio-8278; *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, ¶ 28.

{¶ 17} The Supreme Court recognizes the extremely fact-intensive nature of a due process analysis. " 'For all its consequence, "due process" has never been, and perhaps never can be, precisely defined.' " *Aalim* at ¶ 13, quoting *Lassiter v. Dept. of Social Servs. of Durham Cty., N. Carolina*, 452 U.S. 18, 24 (1981). "Due Process is a flexible concept

that varies depending on the importance attached to the interest at stake and the particular circumstances under which the deprivation may occur." *Id.*, citing *Walters v. Natl. Assn. of Radiation Survivors*, 473 U.S. 305, 320 (1985). The phrase "due process" expresses " 'the requirement of "fundamental fairness," a requirement whose meaning can be as opaque as its importance is lofty.' " *In re C.S.* at ¶ 80, quoting *Lassiter* at 24. " 'Applying the Due Process Clause is therefore an uncertain enterprise which must discover what "fundamental fairness" consists of in a particular situation by first considering any relevant precedents and then by assessing the several interests that are at stake.' " *Aalim* at ¶ 13, quoting *Lassiter* at 24-25. Thus, "[w]hat process is due depends on considerations of fundamental fairness in a particular situation." *In re D.S.* at ¶ 28.

{¶ 18} The juvenile court stated it could not ignore the fact that D.C. had already spent more than seven years in prison, more than the entire duration of the sentence imposed for the aggravated robbery related to Counts 3 and 4 in the juvenile complaint, before the state filed the juvenile complaint. Because D.C. had already served this time, the juvenile court determined the notion of "fundamental fairness" required dismissal of Counts 3 and 4.

{¶ 19} We note, as D.C. does in his brief, that a person's expectation of sentencing finality relates to a person's due process rights. *See, e.g.*, *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 37. *See also DeWitt v. Ventenoulo*, 6 F.3d 32, 35 (1st Cir.1993) (noting that in "extreme case[s]" a court can say "that the later upward revision of a sentence, made to correct an earlier mistake, is so unfair that it must be deemed inconsistent with fundamental notions of fairness embodied in the Due Process Clause"), citing *United States v. Lundien*, 769 F.2d 981, 987 (4th Cir.1985).

{¶ 20} The question of when a person has an expectation of finality in sentencing for due process purposes depends heavily on the circumstances of each case. For example, when a defendant has completed most, but not all, of a void sentence, a defendant does not have a legitimate expectation of finality in that sentence. In *Simpkins*, the Supreme Court stated that where "the sentence imposed was unlawful and thus void, there can be no reasonable, legitimate expectation of finality in it." *Simpkins* at ¶ 36-37 (holding there was no unfair surprise or prejudice to the defendant in his resentencing because "the sentence was issued without the authority of law and [he] was represented

by counsel," so his resentencing did not offend the Double Jeopardy or Due Process Clauses), citing *United States v. Crawford*, 769 F.2d 253, 257-58 (5th Cir.1985). This court has similarly concluded that a defendant who completed all but 15 days of an 8-year sentence did not have a legitimate expectation of finality in his otherwise void sentence when the trial court acted to resentence him to include a period of post-release control, noting that "[s]o long as defendant had not completed his sentence, the trial court retained authority to correct a void sentence." *State v. Addison*, 10th Dist. No. 10AP-554, 2011-Ohio-2113, ¶ 22, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 28.

{¶ 21} Both *Simpkins* and *Addison* contemplate a defendant who had not yet completed the entirety of a void sentence. However, the Supreme Court noted in *Simpkins* that "[i]n some circumstances, including the completion of a sentence, it may be reasonable to find that a defendant's expectation of finality in his sentence has become legitimate and must be respected." *Simpkins* at ¶ 38 (concluding Simpkins had no reasonable expectation of finality in his void sentence because, among other reasons, he had not yet completed the sentence). *See also Addison* at ¶ 22 (stating "[s]o long as defendant *had not completed* his sentence, the trial court retained authority to correct a void sentence") (emphasis added), citing *Bloomer* at ¶ 28.

{¶ 22} More recently, the Supreme Court has considered the ability of a court to resentence a defendant where one of the sanctions imposed was void but the defendant had already served the entire prison term for that offense, yet the defendant remained in prison for other offenses. In *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, the Supreme Court provided a framework for "the role that a defendant's legitimate expectation of finality plays in constraining a court's authority to review a sentence," stating:

> First, when a sentence is subject to direct review, it may be modified; second, when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified; and third, when the entirety of a prison sanction has been served, the defendant's interest in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified.

*Holdcroft* at ¶ 18.  The defendant in *Holdcroft* was serving a ten-year aggravated arson sentence consecutive to a five-year arson sentence and had already completed the ten-year sentence at the time the trial court attempted to resentence him.  The Supreme Court concluded "[n]either [the Supreme Court of Ohio's] jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense.  It is irrelevant whether the defendant is still in prison for other offenses." *Id.* at ¶ 19.

{¶ 23} We find D.C.'s situation most similar to the defendant in *Holdcroft*.  Though the defendant in *Holdcroft* was serving two consecutive sentences, D.C. was serving his sentences consecutively and concurrently.  The sentence at issue for due process purposes was the seven-year sentence imposed on the aggravated robbery count contained in the third indictment, which corresponds to Counts 3 and 4 of the juvenile complaint.  The trial court ordered D.C. to serve that seven-year sentence concurrently with his longer sentences for the counts in the second indictment.  *See, e.g.*, *State v. Melhado*, 10th Dist. No. 13AP-114, 2013-Ohio-3547, ¶ 16 (noting "a concurrent sentence is one which runs simultaneously with another sentence; concurrent sentences mean that the prisoner is given the privilege of serving each day a portion of each sentence and if the sentences are of different lengths, the prisoner cannot be discharged until he has served the longest sentence"), citing *State ex rel. Gray v. Karnes*, 10th Dist. No. 10AP-789, 2010-Ohio-5364, ¶ 6.

{¶ 24} There is no dispute that D.C. spent more than seven years in prison at the time the trial court vacated his guilty plea.  Though D.C. still had time to serve in order to complete the aggregate sentence imposed in the trial court, he had already served the entirety of the sentence related to the third indictment, and D.C. thus had an interest in sentencing finality related to the time served on that count.  *Holdcroft* at ¶ 19.  We recognize that *Holdcroft* involved a trial court attempting to resentence a defendant, while the present case concerns the state filing a complaint in juvenile court after D.C. served a void sentence.  Despite these procedural differences, we find the core principles espoused in *Holdcroft* apply to our analysis of fundamental fairness in the unique facts of this case.  Thus, following *Holdcroft*, we agree with the juvenile court that this is one of those extremely rare cases implicating the notions of fundamental fairness that the Due

Process Clause was designed to protect against.  Accordingly, we conclude the juvenile court did not err in dismissing Counts 3 and 4 of the juvenile complaint, and we overrule the state's sole assignment of error.

## IV.  Disposition

{¶ 25} Based on the foregoing reasons, the juvenile court did not err when it granted D.C.'s motion to dismiss Counts 3 and 4 of the juvenile complaint.  Having overruled the state's sole assignment of error, we affirm the decision and entry of the Franklin County Court of Common Pleas, Juvenile Division.

*Judgment affirmed.*

TYACK, P.J., and KLATT, J., concur.