[Cite as *In re A.R.*, 2017-Ohio-8058.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 104869, 104870, 104871,
104872, 104873, 104875, and 104876**

# IN RE: A.R.

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. DL-14112213, DL-15102047, DL-15105955,
DL-15103378, DL-15102238, DL-15105280, and DL-15114582

**BEFORE:** Laster Mays, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 5, 2017

-i-

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

By:   Victoria Bader
Assistant Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Vencot Brown
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant A.R. appeals his admission to a probation violation and asks this court to vacate his adjudication and remand for a new hearing. We vacate and remand.

{¶2} A.R. was found to be in violation of the terms of his probation. The trial court invoked the suspended sentences on seven prior cases where A.R. was the defendant. A.R. was sentenced to the Ohio Department of Youth Services ("DYS") for five years with 487 days credit on all seven cases.

## I. Facts

{¶3} A.R. was first adjudicated delinquent in the Cuyahoga County Juvenile Court on November 20, 2014, for robbery, a second-degree felony if committed by an adult, in violation of R.C. 2911.02(A)(2). The court sentenced A.R. to DYS for a minimum period of 12 months, but stayed the commitment for 45 days, and placed him on community control for one year. On March 9, 2015, A.R. was adjudicated delinquent for theft, a fourth-degree felony if committed by an adult, in violation of R.C. 2913.51(A). The court sentenced A.R. to DYS for six months, but suspended that commitment under the condition that A.R. participate and successfully complete a treatment program. The court ordered A.R. to complete 50 hours of community service and pay $250 in restitution.

{¶4} Again that year, on September 28, 2015, the court adjudicated A.R. delinquent on six additional cases. In the first case, he was adjudicated delinquent for robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2). The court sentenced A.R. to a 12-month suspended sentence to DYS, and placed him on community control for one year. In the second case, A.R. was adjudicated delinquent for burglary, a second-degree felony, in violation of R.C. 2911.12(A)(1); and theft, a first-degree misdemeanor, in violation of R.C. 2913.02(A)(1). The court sentenced A.R. to a six-month suspended sentence to DYS. A.R.'s third adjudication was for receiving stolen property, a fourth-degree felony, in violation of R.C. 2913.51(A); and burglary, a second-degree felony, in violation of R.C. 2911.12(A). The court sentenced A.R. to a six-month suspended sentence to DYS.

{¶5} A.R. was adjudicated delinquent in the fourth case for burglary, a second-degree felony, in violation of R.C. 2911.12(A); and criminal damaging or endangering, a second-degree misdemeanor, in violation of R.C. 2909.06(A)(1). A.R. was sentenced to a 12-month suspended sentence on the burglary count, and 90 days suspended sentence on the criminal damaging count, to be served concurrently. In the final two cases, A.R. was adjudicated delinquent for burglary, a third-degree felony, in violation of R.C. 2911.12(A). The court sentenced A.R. to a six-month suspended sentence in both cases. The court ordered the sentences on all six cases to be served consecutively.

**{¶6}** On December 4, 2015, the probation department filed a motion for violation of probation in the November 2014 case alleging that A.R. failed to follow the terms of his probation by not reporting his whereabouts and failing to attend school. On March 16, 2016, A.R. admitted to the court that he violated his probation. In addition, he was adjudicated delinquent for attempted grand theft, a fifth-degree felony, in violation of R.C. 2923.21(A)(1) and 2913.02(A)(1); and criminal trespass, a fourth-degree misdemeanor, in violation of R.C. 2911.21(A)(1). On April 1, 2016, the court maintained the suspended one- year commitment on the violation of probation as long as A.R. participated in treatments and placement at Hillcrest Academy until he successfully completed the program.

**{¶7}** In July 2016, the probation department filed a motion for violation of probation on Cuyahoga C.P. Juv. No. DL-14112213, the first case he was adjudicated delinquent, stating A.R. violated the terms of his probation when he was unsuccessfully discharged from Hillcrest. No other motions regarding any other cases were filed. Later on that month, the court held a hearing on the probation violation motion. During the proceedings, the court addressed A.R. stating,

> COURT:   [T]he penalty for this is going to be to send you to ODYS. I will give you credit for time served, but the balance of whatever time that you have not served, you may have to serve at ODYS.
>
> Do you understand?"

(Tr. 8.). The court then asked A.R. if he admitted or denied that he violated his probation. He admitted. The court then sentenced A.R. to the Ohio Department of Youth Services ("DYS") for five years with 487 days credit on all seven cases.

{¶8} A.R. has filed this timely appeal and argues three assignments of error for our review.

I.  A.R.'s admission to this probation violation was not knowing, intelligent, and voluntary, in violation of the Fifth and Fourteenth Amendments to the United States Constitution; Article I, Sections 10 and 16 of the Ohio Constitution; and Juvenile Rule 29;

II.  The juvenile court violated A.R.'s right to due process of law when it failed to follow the requirements of Juv.R. 35; Fifth and Fourteenth Amendments to the United States Constitution; Article I, Section 16 of the Ohio Constitution; and

III.  A.R. was denied the effective assistance of counsel when trial counsel failed to object to the juvenile court's failure to comply with Juv.R. 35, Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.

## II.  Probation Violation Admission

### A.  Standard of Review

{¶9} "We employ a de novo standard of review in determining the juvenile court's degree of compliance with Juv.R. 29. *See In re Beckert*, 8th Dist. Cuyahoga No. 68893, 1996 Ohio App. LEXIS 3319." *In re E.L.*, 8th Dist. Cuyahoga No. 90848, 2010-Ohio-1413, ¶ 12.

## B. Law and Analysis

**{¶10}** In A.R.'s first assignment of error, he argues that his admission to the probation violation was not knowing, intelligent, and voluntary because the juvenile court failed to substantially comply with Juv.R. 29(D). We agree.

> In accepting an admission from a juvenile, the court is required to personally address the juvenile and conduct an on-the-record discussion to determine whether the admission is being made voluntarily and with an understanding of the nature of the allegations and the possible consequences of the admission. Juv.R. 29(D)(1); *In re McKenzie*, 102 Ohio App.3d 275, 277, 656 N.E.2d 1377 (1995).

*In re Stone*, 5th Dist. Coshocton No. 04-CA-013, 2005-Ohio-1831, ¶ 17.

**{¶11}** The juvenile court did not inform A.R. of the possible consequences of his plea.

> The Ohio Supreme Court has stated that "[a]n admission in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11 in that both require that a trial court personally address the defendant on the record with respect to the issues set forth in the rules." *In re C.S.*, 115 Ohio St. 3d 267, 285, 2007-Ohio-4919, 874 N.E.2d 1177, quoting *In re Smith*, 3d Dist. Union No. 14-05-33, 2006-Ohio-2788. In determining whether a trial court complied with the requirements of Crim.R. 11, "only substantial compliance is required." *See State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). The same is true for juvenile proceedings pursuant to Juv.R. 29; however, strict compliance is the preferred practice. *In re C.S.* at 285. But if the trial court substantially complies with Juv.R. 29 in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver. *Id.* In juvenile proceedings, "substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." *Id.*; *In re L.A.B.* at 113.

*In re E.L.* at ¶ 11.

**{¶12}** The juvenile court failed to explain to A.R. that his admission to the probation violation would result in him being sentenced on all of his previous cases. "Failure of the trial court to substantially comply with the provisions of Juv.R. 29(D) requires reversal, allowing the juvenile to plead anew." (Internal citations omitted.) *In re Stone* at ¶ 19. "[T]he trial court bears the burden of explaining to a juvenile the consequences of an admission by explaining the minimum and maximum terms of commitment to ODYS that might result from the court's accepting the juvenile's admission." *In re T.B.*, 8th Dist. Cuyahoga Nos. 93422 and 93423, 2010-Ohio-523, ¶ 10.

> An admission in a juvenile proceeding pursuant to Juv.R. 29(D) is analogous to a guilty plea made by an adult pursuant to Crim.R. 11(C). *In re Christopher R.*, 101 Ohio App. 3d 245, 247, 655 N.E.2d 280 (1995); *In re Jenkins*, 101 Ohio App. 3d 177, 179, 655 N.E.2d 238 (1995). Both rules require the respective trial courts to make careful inquiries in order to insure that the admission or guilty plea is entered voluntarily, intelligently and knowingly. *In re Flynn*, 101 Ohio App. 3d 778, 781, 656 N.E.2d 737 (1995) and *In re McKenzie*, 102 Ohio App. 3d 275, 277, 656 N.E.2d 1377 656 N.E.2d 737.

*In re Beechler*, 115 Ohio App.3d 567, 685 N.E.2d 1257 (4th Dist.1996).

**{¶13}** In stating "[t]he penalty for this is going to be to send you to ODYS. I will give you credit for time served, but the balance of whatever time that you have not served, you may have to serve at ODYS. Do you understand?" (tr. 8), the juvenile court did not substantially comply where looking at the totality of the circumstances, A.R. could understand the implications of his admission. Although the juvenile court stated that it

was going to send A.R. to ODYS, it did not explain the minimum or maximum terms of commitment that may result in the acceptance of an admission.

**{¶14}** Appellant's first assignment of error is sustained.

## III. Jurisdiction

### A. Standard of Review

**{¶15}** We review violation of due process rights under a de novo standard. *In re D.C.*, 2017-Ohio-114, 75 N.E.3d 1040, ¶ 14 (10th Dist.).

> More generally, however, appellate courts review constitutional questions under a de novo standard. *State v. Rodgers*, 166 Ohio App.3d 218, 2006-Ohio-1528, ¶ 6, 850 N.E.2d 90 (10th Dist.). Indeed, the Supreme Court directs that constitutional issues are questions of law, even in the context of a juvenile court proceeding, and thus subject to de novo review.

*Id*.

### B. Law and Analysis

**{¶16}** In A.R.'s second assignment of error, he contends that the juvenile court violated his due process rights when it imposed a suspended commitment without jurisdiction and without finding that he violated a condition of probation of which he had been properly notified. We agree.

> The Ohio Supreme Court has held that juveniles are entitled to certain due process rights. *In re C.S.*, citing *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). "Juv.R. 35(B) recognizes a juvenile's due process rights through its requirements." *In re Royal*, 132 Ohio App.3d 496, 725 N.E.2d 685 (7th Dist.1999), citing *In re Davis*, 12th Dist. Clinton No. CA97-12-016, 1998 Ohio App. LEXIS 4170 (Sept. 8, 1998). Juv.R. 35 provides, in pertinent part:
>
> "(A) Continuing jurisdiction; invoked by motion. The continuing jurisdiction of the court shall be invoked by motion filed in the original

proceeding, notice of which shall be served in the manner provided for the service of process.

(B) Revocation of probation. The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified."

*In re T.B.*, 8th Dist. Cuyahoga Nos. 93422 and 93423, 2010-Ohio-523, ¶ 14.

**{¶17}** The record reveals that the state only filed a probation violation motion in A.R.'s first case (DL-14112213) from November 20, 2014, but did not file probation violation motions in the remaining six cases. The state should have notified A.R. that he had violated in his remaining six cases, as required by Juv.R. 35. *See, e.g., In re T.B.* at ¶ 14. Therefore, A.R. had not been properly notified. "And the court must comply with Juv.R. 35 and inquire whether the juvenile has been notified of the rules of probation pursuant to Juv.R. 34(C)." *Id.* at ¶ 15. Without notification, the juvenile court erred when it sentenced A.R. on the remaining cases.

**{¶18}** A.R.'s second assignment of error is sustained.

## IV. Ineffective Assistance of Counsel

### A. Standard of Review

**{¶19}** "To succeed on a claim of ineffective assistance, a defendant must establish that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Jackson*, 8th Dist. Cuyahoga No. 104132, 2017-Ohio-2651, ¶ 39.

> When reviewing counsel's performance, this court must be highly deferential and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." To establish resulting prejudice, a defendant must show that the outcome of the proceedings would have been different but for counsel's deficient performance. (Internal citations omitted.)

*Id.* at ¶ 40.

### B. Law and Analysis

**{¶20}** In the third assignment of error, A.R. argues that he was denied effective assistance of counsel when his counsel failed to object to the juvenile court's failure to comply with Juv.R. 35.

> An accused juvenile has a constitutional right to counsel and the same rights to effective assistance of counsel as an adult criminal defendant. *In re Gault*, 387 U.S. 1, 41, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Reversal of a conviction for ineffective assistance of counsel requires a defendant to show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *State v. Smith*, 89 Ohio St.3d 323, 327, 731 N.E.2d 645 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel's performance must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance of counsel. *See State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Moreover, the

defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the proceeding would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998).

*In re J.G.*, 2013-Ohio-583, 986 N.E.2d 1122, ¶ 22 (8th Dist.).

**{¶21}** The record is clear that A.R.'s counsel did not object to the juvenile court's failure to follow Juv.R. 35. Had A.R.'s counsel objected to the juvenile court's failure to follow Juv.R. 35, A.R. may not have been sentenced on the other adjudications. If the court had sentenced A.R. in accordance with Juv.R. 35, notification on case DL-14112213 only, A.R. would have been sentenced to 12 months in DYS instead of five years. We find that trial counsel's performance was deficient and to the prejudice of A.R.

**{¶22}** A.R.'s final assignment of error is sustained.

**{¶23}** Judgment is reversed and remanded.

It is ordered that the appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR