[Cite as *State v. Howard*, 2022-Ohio-2959.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,              :

                     No. 111213

v.                                                :

RAYSEAN N. HOWARD, JR.,                           :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 25, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-646565-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee*.

Raysean N. Howard, Jr., *pro se*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Raysean Howard appeals from his convictions of murder with a three-year firearm specification and two counts of attempted murder. Specifically, Howard claims his convictions should be reversed because he

was not present at a hearing to determine his competency. Because the record does not support a finding that would indicate Howard was incompetent when his counsel waived his presence on the scheduled hearing date and stipulated to a psychiatric report, Howard cannot show that he was prejudiced by the waiver or that the outcome of the proceeding would likely have been different, we affirm Howard's convictions.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 16, 2019, Howard was indicted for several counts of aggravated murder, murder, felonious assault, attempted murder, improper discharge of a firearm at or into a habitation, discharge of a firearm on or near prohibited premises, and improperly handling firearms in a motor vehicle.

{¶ 3} On February 19, 2020, Howard's counsel filed a motion to have Howard evaluated by the Cuyahoga County Court of Common Pleas Psychiatric Clinic for a determination of Howard's IQ and competency. On February 21, 2020, the trial court granted the motion and referred Howard to the court psychiatric clinic.

{¶ 4} On March 19, 2020, in response to the Covid-19 epidemic, the trial court ordered that the March 26, 2020 pretrial be conducted by telephone conference. On March 26, 2020 the trial court conducted a pretrial conference in which it set a further telephonic conference for April 28, 2020. On April 28, 2020, the trial court conducted a pretrial conference, noting that defendant's presence was waived. At this pretrial conference, the parties waived a hearing on defendant's

competency and stipulated to the court psychiatric clinic report that recommended a further inpatient competency evaluation be conducted. The trial court ordered Howard to Northcoast Behavioral Healthcare ("Northcoast") for an inpatient evaluation. Howard was evaluated at Northcoast for a period of six days in July 2020. A report regarding Howard's competency was prepared in which he was diagnosed with malingering and cannabis use disorder, mild. The report noted that Howard was "feigning psychotic symptoms for the secondary gain of avoiding criminal persecution."

{¶ 5} On September 22, 2020, the trial court set a competency hearing for October 20, 2020, to be conducted via video conferencing. On October 20, 2020, the trial court entered upon its journal that Howard's presence was waived. The trial court further noted that the parties stipulated Howard was competent to proceed to trial and then stated, "based upon review of reports and parties' stipulation, court finds defendant competent to proceed."

{¶ 6} On October 21, 2021, Howard entered into a plea agreement to plead guilty to one count of murder with a three-year firearm specification and to two counts of attempted murder. In accepting Howard's plea, the trial court conducted a colloquy with him, explained his constitutional rights that he would be waiving and determined that he understood the nature of the charges against him as well as finding that he entered his pleas knowingly, voluntarily, and intelligently. Howard acknowledged that he was satisfied with the representation he received from

counsel. Following the acceptance of his guilty pleas, the trial court sentenced Howard to an aggregate term of incarceration of 23 years to life.

## II. LAW AND ARGUMENT

### A. Assignment of error and issues presented

{¶ 7} Howard raises one assignment of error that reads:

> Howard's U.S. Constitutional Right to Due Process was violated when he was not present at his competency hearing without a valid waiver summing up to his U.S. Constitutional right to counsel being violated.

{¶ 8} Howard alleges that his right to due process was violated where he was not present at the hearing to determine his competency. He asserts that he did not personally waive his right to present at the competency hearing and that, had he been present, he would have objected to counsel's stipulation to the psychiatric report and the trial court's finding of competency. Howard argues that because he was not present for the scheduled competency hearing, the trial court was deprived of the ability to observe him and personally determine whether he was capable of understanding the proceedings against him or assist in his defense. In addition to arguing that his due process rights were violated, Howard also argues that his counsel provided ineffective assistance by waiving his presence and stipulating to the psychiatric report.

{¶ 9} The state argues Howard's counsel properly waived his presence for the pretrial hearing at which counsel stipulated to the psychiatric report. It further asserts that because Howard has not presented evidence to rebut the presumption

of competency, he cannot show that his counsel was ineffective either by waiving Howard's presence or stipulating to the psychiatric report.

**B. Howard was not denied due process of law nor was he denied effective assistance of counsel**

{¶ 10} Howard argues that his right to due process was violated where he was not present at the scheduled competency hearing. We review claims of due process violations de novo. *In re A.R.*, 8th Dist. Cuyahoga Nos. 104869, 104870, 104871, 104872, 104873, 104875, and 104876, 2017-Ohio-8058, ¶ 15. A criminal defendant has a right to be present at all critical stages of a criminal proceeding. *State v. Hale,* 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 100.

{¶ 11} There is no dispute between the parties that a hearing to determine competency would be considered a critical stage of the criminal proceedings. "However, 'the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only.*' (Emphasis added.)" *Id.* at ¶ 100, quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107-108, 54 S.Ct. 330, 78 L.Ed. 674 (1934), *overruled on other grounds by Malloy v. Hogan*, 378 U.S. 1, 17, 84 S.Ct. 1489, 12 L.Ed 2d 653 (1964).

{¶ 12} For Howard's right to be present to be violated, the "'record must affirmatively indicate the absence of a defendant or his counsel during a particular stage of the trial.'" *Id.* at ¶ 105, quoting *State v. Clark*, 38 Ohio St.3d 252, 258, 527 N.E.2d 844 (1988). The trial court's October 20, 2020 journal entry indicates that Howard's presence was waived, and as such, he cannot claim his right to be present

was violated. Howard contests that because he did not expressly waive his presence, his right to be present in court was violated. However, counsel may waive a client's presence even without an express waiver from the defendant appearing in the record. *State v. Green*, 90 Ohio St.3d 352, 372, 2000-Ohio-182, 738 N.E.2d 1208, citing *United States v. Gagnon*, 470 U.S. 522, 528, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985); *United States v. Gallego*, 191 F.3d 156, 171-172 (2d Cir.1999); *Polizzi v. United States*, 926 F.2d 1311, 1322-132 (2d Cir.1999); and *State v. Hill*, 73 Ohio St.3d 433, 444, 653 N.E.2d 271 (1995).

{¶ 13} Even were we to find the waiver of Howard's presence improper, Howard would still need to demonstrate that he was prejudiced by the waiver, e.g., that he did not receive a full and just hearing on the issue of his competency. There was no evidence before the court other than the psychiatric reports regarding competency; those did not indicate Howard incompetent. Howard's counsel stipulated to the psychiatric report, which obviated the necessity of holding a formal hearing. *State v. Dienes*, 8th Dist. Cuyahoga No. 97578, 2012-Ohio-4588, ¶ 9, citing *State v. Smith*, 8th Dist. Cuyahoga No. 95505, 2011-Ohio-2400, ¶ 6. Accordingly, we cannot say on this record that Howard's right to be present was violated to the extent that "a fair and just hearing was thwarted" in light of the record, the stipulation made by counsel, and where no hearing took place. *See Hale* at ¶ 100.

{¶ 14} Howard asserts that counsel's waiver of his presence and stipulation to the psychiatric report constituted ineffective assistance. We review ineffective assistance of counsel claims made on direct appeal de novo. *State v. Gondor*, 112

Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 53.  To show he received ineffective assistance of counsel Howard must 1) establish that counsel's performance fell below an objective standard of reasonable representation, and 2) show that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  A criminal defendant may establish prejudice if there exists a reasonable probability the result of the trial would have been different. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶ 15} Howard contends that had he been present at the scheduled competency hearing, he would have objected to counsel's stipulation, but offers no evidence that indicates he was incompetent at the time of the scheduled hearing to support the objection.  Howard further argues that he could have been questioned as to his competency by the trial court at that time. In contrast to this argument, the record does not support finding that the trial court would have found Howard to be incompetent to stand trial; rather, it suggests the opposite.  The psychiatric report noted Howard was malingering.  Howard later appeared before the trial court for a plea hearing at which time the trial court conducted a colloquy with him. Howard demonstrated that he understood the nature of the charges against him, understood the penalties he faced, and entered his plea knowingly, intelligently, and voluntarily.

{¶ 16} Without further indicia of incompetency in the record, we do not find that counsel's waiver of Howard's presence or stipulation to the psychiatric report fall below an objective standard of reasonableness or that the result of the

proceeding would likely be different. *See State v. Hardley*, 8th Dist. Cuyahoga Nos. 88456 and 88457, 2007-Ohio-3530, ¶ 21 (Counsel did not provide ineffective assistance of counsel by stipulating to competency report where record did not support a finding defendant would be found incompetent after four evaluations found defendant competent.).

{¶ 17} The sole assignment of error is overruled.

III. CONCLUSION

{¶ 18} Counsel waived Howard's presence at a scheduled hearing and stipulated to a psychiatric report that did not find Howard incompetent to stand trial. Howard has not shown evidence of his incompetence at the time his presence was waived and counsel stipulated to the psychiatric report. The record does not show he suffered prejudice by counsel's waiver of his presence, nor has he shown that the outcome of the proceedings was likely to be different had he been present to object to counsel's stipulation to the psychiatric report. Accordingly, Howard's assignment of error is overruled and his convictions are affirmed.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
LISA B. FORBES, J., CONCUR