[Cite as *In re T.A.*, 2025-Ohio-3079.]

IN THE COURT OF APPEALS OF OHIO

TENMTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the matter of: | : | No. 23AP-381 |
| | | (C.P.C. No. 22JU-6369) |
| [T.A., | : | |
| | | (REGULAR CALENDAR) |
| Appellant]. | : | |

———————————

D E C I S I O N

Rendered on August 28, 2025

———————————

**On brief:** *Mitchell A. Williams*, Public Defender, and *Timothy E. Pierce*, for appellant.

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Darren M. Burgess*, for appellee.

———————————

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch

DINGUS, J.

{¶ 1} Appellant, T.A., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, finding him to be a delinquent minor for committing the offense of voluntary manslaughter, and committing him to the legal custody of the Ohio Department of Youth Services ("ODYS"). For the following reasons, we reverse and remand.

**I. Facts and Procedural History**

{¶ 2} On June 24, 2022, appellee, State of Ohio, filed a complaint alleging that T.A., born January 29, 2008, was delinquent for committing one count of voluntary manslaughter in violation of R.C. 2903.03(A), a first-degree felony. The complaint alleged that, on June 14, 2022, T.A. knowingly caused the death of M.T. while under the influence of a sudden passion or in a sudden fit of rage brought on by serious provocation occasioned by M.T. that was reasonably sufficient to incite T.A. into using deadly force. T.A. initially denied the charge. In July 2022, the state filed notice that it was seeking a serious youthful

offender dispositional sentence pursuant to R.C. 2151.13(A)(4)(a). At an adjudicatory hearing held on May 18, 2023, T.A. admitted to committing the charged offense, and the state moved to dismiss its serious youthful offender notice. Prior to T.A.'s admission at the hearing, the trial court did not personally advise him of his right to have the state prove his guilt beyond a reasonable doubt. Nor did the trial court personally inform him of the possible minimum and maximum terms of commitment to the custody of the ODYS as a penalty for the admission.

{¶ 3} Following the hearing, the trial court filed a judgment entry dismissing the state's notice to seek a serious youthful offender dispositional sentence and finding T.A. to be a delinquent minor for committing the offense of voluntary manslaughter. The trial court committed T.A. to the custody of the ODYS for institutionalization in a secure facility for an indefinite term consisting of a minimum period of five and a half years and a maximum period not to exceed T.A.'s attainment of 21 years of age, with credit for the 327 days he already had been held in the juvenile detention center.

{¶ 4} T.A. timely appeals.

## II. Assignments of Error

{¶ 5} T.A. assigns the following four assignments of error for our review:

> [I.] The juvenile court plainly erred at the May 18, 2023 hearing when prior to its acceptance of the child's admission it failed to personally address the child and inform him of the possible penalties and possible minimum and maximum terms of commitment to DYS. The court's actions violated the child's rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 1, 10, and 16 of the Ohio Constitution, and Juv. R. 29(D)(1). The child's admission was therefore not knowingly, intelligently, and voluntarily entered.

> [II.] The juvenile court plainly erred at the May 18, 2023 hearing when prior to its acceptance of the child's admission it failed to personally address the child and inform him of the elements of voluntary manslaughter and/or inquire whether the child understood the nature of that charge. The court's actions violated the child's rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 1, 10, and 16 of the Ohio Constitution, and Juv. R. 29(D)(1). The child's admission was therefore not knowingly, intelligently, and voluntarily entered.

[III.] The juvenile court plainly erred at the May 18, 2023 hearing when prior to its acceptance of the child's admission it failed to personally inform the child that by admitting to the offense of voluntary manslaughter the child waived the right to be found guilty by proof beyond a reasonable doubt. The court's actions violated the child's rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 1, 10, and 16 of the Ohio Constitution, R.C. 2901.05(A) and Juv. R. 29(D). The child's admission was therefore not knowingly, intelligently, and voluntarily entered.

[IV.] The lower court erred by imposing a sentence in its judgment entry different from the sentence it announced in open court in the child's presence. The court's actions violated the child's rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 1, 10, and 16 of the Ohio Constitution, and Crim. R. 43(A).

## III. Discussion

{¶ 6} Because they involve interrelated issues, we address together T.A.'s first and third assignments of error. T.A.'s first assignment of error alleges the trial court erred in accepting his admission because it failed to personally inform him of the possible minimum and maximum terms of commitment to ODYS for the offense. In his third assignment of error, T.A. contends the trial court erred in accepting his admission because it failed to personally inform him that by admitting to the offense of voluntary manslaughter, he waived the right to have the state prove his guilt beyond a reasonable doubt. T.A. argues that, because of these errors, his admission was not knowingly, intelligently, and voluntarily entered. We agree.

{¶ 7} To begin our analysis, we note that, considering the widely known fact that human brain development continues until the age of 25 or beyond, *see State v. Hayes*, 2024-Ohio-845, ¶ 15 (8th Dist.), the importance of a trial court taking necessary measures to ensure a juvenile fully understands the consequences of an admission, including the waiver of certain rights, cannot be understated. Through this lens, we consider T.A.'s arguments.

{¶ 8} A "[d]elinquency proceeding" means "all proceedings in a juvenile court that are related to a case in which a complaint has been filed alleging that a child is a delinquent child." R.C. 2930.01(K). As pertinent here, a "[d]elinquent child" means "[a]ny child,

except a juvenile traffic offender, who violates any law of this state or the United States, or any ordinance of a political subdivision of the state, that would be an offense if committed by an adult." R.C. 2151.011(B)(12); R.C. 2152.02(E)(1). Thus, in this context, the purpose of a delinquency proceeding is to determine if the juvenile has violated a criminal law.

{¶ 9} Juv.R. 29(D) is the procedural rule governing admissions in juvenile delinquency proceedings. Pursuant to this rule, a trial court must address the juvenile "personally and determin[e] both of the following: (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; [and] (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." Juv.R. 29(D). This rule "places an affirmative duty on the juvenile court to personally address the juvenile and determine that the juvenile's admission is entered voluntarily, intelligently, and knowingly." *In re J.R.*, 2025-Ohio-2271, ¶ 10 (12th Dist.). Therefore, " '[a]n admission in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11 in that both require that a trial court personally address the defendant on the record with respect to the issues set forth in the rules.' " *In re C.S.*, 2007-Ohio-4919, ¶ 112, quoting *In re Smith*, 2006-Ohio-2788, ¶ 13 (3d Dist.).

{¶ 10} Here, the state initiated a delinquency proceeding alleging T.A. to be a delinquent child for committing voluntary manslaughter in violation of R.C. 2903.03(A). T.A. ultimately admitted to this conduct at the adjudicatory hearing held on May 18, 2023, and the validity of that admission is at issue in this appeal. For ease of analysis, we first resolve T.A.'s third assignment of error, which challenges the validity of his admission because he was not advised of his right to have the state prove his guilt beyond a reasonable doubt. This assignment of error is well-taken.

{¶ 11} Although "juvenile proceedings [are] civil rather than criminal in nature . . . the criminal aspect of delinquency proceedings is undeniable." *State v. Morgan*, 2017-Ohio-7565, ¶ 47. Like criminal defendants, juveniles in delinquency proceedings "stand in equal jeopardy of having their liberties taken." *Id.* at ¶ 48. "With the exception of a jury trial, juveniles are entitled to the same procedural safeguards afforded adults in criminal courts." *In re K.O.*, 2015-Ohio-732, ¶ 8 (12th Dist.), citing *In re Gault*, 387 U.S. 1 (1967).

*See In re M.M.*, 2011-Ohio-2962, ¶ 10 (6th Dist.) (noting that due process affords juveniles the same protections afforded criminal defendants, notwithstanding the civil nature of juvenile proceedings); *In re Jordan*, 2002-Ohio-2820, ¶ 10 (11th Dist.), citing *In re Gault* ("Juvenile delinquency proceedings must comport with the requirements of due process."). Therefore, "[a] juvenile, like an adult, is constitutionally entitled to have every element of a charged crime proved beyond a reasonable doubt." *In re M.M.* at ¶ 10, citing *In re Winship*, 397 U.S. 358, 365 (1970); *see* Juv.R. 29(E)(4) (incorporating this principle by requiring a juvenile court to determine delinquency by proof beyond a reasonable doubt). And just as "a guilty plea must be entered knowingly, intelligently, and voluntarily . . . to be constitutionally valid and comport with due process," *State v. Bateman*, 2011-Ohio-5808, ¶ 5 (2d Dist.), citing *Boykin v. Alabama*, 395 U.S. 238 (1969), "[a] juvenile's admission in a delinquency case is unconstitutional if the juvenile did not enter the admission in a knowing, intelligent, and voluntary manner." *In re K.B.*, 2018-Ohio-1908, ¶ 11 (4th Dist.).

{¶ 12} Compliance with the procedures set forth in Crim.R. 11(C) ensures that a plea meets the constitutional due process mandate that it be entered knowingly, intelligently, and voluntarily. *State v. Cole*, 2015-Ohio-3793, ¶ 12 (2d Dist.). Likewise, "Juv.R. 29(D) is designed to ensure that juveniles entering admissions do so knowingly, intelligently, and voluntarily." *In re R.A.*, 2018-Ohio-3620, ¶ 13 (3d Dist.). In criminal matters, the Supreme Court of Ohio has held that strict compliance with Crim.R. 11(C)(1)(c) is required as to the requirements in that rule relating to constitutional rights, but, in juvenile delinquency matters, the court has held that substantial compliance with Juv.R. 29(D) is sufficient.

{¶ 13} In *In re C.S.*, 2007-Ohio-4919, the Supreme Court held that while "the preferred practice is strict compliance with Juv.R. 29(D) . . . if the trial court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver." *Id.* at ¶ 113. For "juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." *Id.*

{¶ 14} In reaching the 2007 holding in *In re C.S.*, the Supreme Court noted that, "[b]ecause of the similarity between Juv.R. 29 and Crim.R. 11, and because we have held that only substantial compliance with the text of Crim.R. 11 is necessary, *State v. Nero*

(1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, most courts of appeals have held that only substantial compliance with Juv.R. 29 is needed." *In re C.S.* at ¶ 112. The court agreed with this reasoning. *Id.* However, in 2008, the Supreme Court held that "a trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination." *State v. Veney*, 2008-Ohio-5200, ¶ 31. The failure to strictly comply with Crim.R. 11(C)(1)(c) in advising a defendant of these constitutional rights invalidates a plea. *Id.* Thus, the failure of a trial court to follow strictly Crim.R. 11(C)(2)(c)'s requirement to inform a criminal defendant of the prosecution's burden of proof beyond a reasonable doubt automatically invalidates a plea. *Id.* at ¶ 22.

{¶ 15} As the state correctly notes, unlike Crim.R. 11(C), Juv.R. 29(D) does not expressly require a trial court to advise a juvenile, before accepting an admission, that the prosecution is required to prove guilt beyond a reasonable doubt. This omission does not, however, negate constitutional due process requirements applicable to juvenile admissions—including a valid waiver of constitutional rights. Ultimately, "[t]he purpose of Juv.R. 29(D) is to ensure that any decision by the accused to forgo his or her constitutional right to a trial, representation, to confront accusers, call witnesses, and to be unanimously found guilty beyond a reasonable doubt is made freely, with actual understanding of both the nature of the charges the juvenile is facing and knowledge of the full extent of penalties that could be levied as a result of the plea." *In re B.B.*, 2013-Ohio-1958, ¶ 9 (7th Dist.). Thus, even though Juv.R. 29(D) does not expressly require the trial court to advise a juvenile of the right to have the prosecution prove guilt beyond a reasonable doubt, this obligation is implicit insofar as the waiver of this constitutional right is a consequence of the admission. *See In re Lorraine*, 2001 Ohio App. LEXIS 3536, *6 (11th Dist. Aug. 10, 2001) (finding the trial court complied with Juv.R. 29(D) by, in part, "instruct[ing] appellant that the burden is on the State of Ohio to prove all of the charges beyond a reasonable doubt and that he could not be compelled to testify."). Therefore, just as is required for a criminal defendant's guilty plea, a trial court must advise a juvenile, admitting to a criminal offense, of the prosecution's burden to prove guilt beyond a

reasonable doubt. Otherwise, the admission does not comply with constitutional due process requirements and is not knowingly, intelligently, and voluntarily entered.

{¶ 16} For these reasons, we conclude the trial court erred in failing to advise T.A. of his right to have the state prove his guilt beyond a reasonable doubt. On this basis, T.A.'s admission did not comport with constitutional due process requirements and was invalid. Accordingly, we sustain his third assignment of error.

{¶ 17} We next address T.A.'s first assignment of error, which alleges his admission was invalid for the additional reason that the trial court did not personally inform him of the possible minimum and maximum terms of commitment to the ODYS by admitting to the charged offense. We agree.

{¶ 18} Pursuant to Juv.R. 29(D), "the trial court bears the burden of explaining to a juvenile the consequences of an admission by explaining the minimum and maximum terms of commitment to ODYS that might result from the court's accepting the juvenile's admission." *In re T.B.*, 2010-Ohio-523, ¶ 10 (8th Dist.). *See In re Feaster*, 2011-Ohio-4222, ¶ 10 (9th Dist.) ("[A]lthough Juv.R. 29(D) does not expressly require the court to inform a juvenile of the maximum penalty, it does require the court to convey the consequences of the juvenile's admission."). To comply with this requirement, this information must be conveyed to the juvenile at the adjudicatory hearing, that is, at the time the juvenile is entering the admission. *In re T.B.* at ¶ 11-12. That it may have been discussed at an earlier time, such as at the preliminary hearing, does not suffice. *Id.*

{¶ 19} Here, at the adjudicatory hearing, the trial court asked T.A. whether his counsel had explained to him, and he understood, the charges against him and the potential penalty. The trial court also asked T.A. if he understood "that there are implications which had been discussed by counsel for the State and your attorney?" (May 18, 2023 Tr. at 9.) T.A. answered affirmatively in response to these questions. But reliance on counsel or the state informing a juvenile of the potential consequences of the juvenile's admission does not comply with the rule's requirement that the trial court personally address the juvenile and convey the consequences of an admission. The trial court must advise the juvenile of the specific term of commitment to the ODYS he or she may face, and the failure to so advise means the trial court has failed to substantially comply with Juv.R. 29(D). *In re T.B.* at ¶ 9. *See In re A.R.*, 2017-Ohio-8058, ¶ 13 (8th Dist.) (holding the trial court did not substantially

comply with Juv.R. 29(D) when it "did not explain [to the juvenile] the minimum or maximum terms of commitment that may result in the acceptance of an admission"). Because the trial court did not, at T.A.'s adjudicatory hearing, explain the possible minimum or maximum terms of commitment he faced with an admission, it did not substantially comply with Juv.R. 29(D). Consequently, T.A.'s admission was invalid on this additional, independent basis.

{¶ 20} Therefore, we sustain T.A.'s first assignment of error.

{¶ 21} T.A.'s second assignment of error asserts the trial court erred in accepting his admission because it failed to either inform him of the elements of voluntary manslaughter or inquire whether he understood the nature of that charge. And in T.A.'s fourth assignment of error, he contends the trial court erred in imposing, in the judgment entry, a penalty different than indicated at the dispositional hearing. Our resolution of T.A.'s first and third assignments of error renders moot his second and fourth assignments of error, and we decline to address them in this appeal.

## IV. Disposition

{¶ 22} Having sustained T.A.'s first and third assignments of error, rendering moot his second and fourth assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

JAMISON, P.J., and BEATTY BLUNT, J., concur.

––––––––––––––––––––